IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  |
|---|---|---|
| ADRIAN P. HARDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-0234 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Adrian P. Hardy, proceeding *pro se*, filed a Complaint [Doc. # 1] on January 22, 2010, seeking judicial review of the denial of benefits by Defendant Michael J. Astrue, Commissioner of the Social Security Administration. Since filing his Complaint and serving process on Defendant, Plaintiff has not filed anything further, despite instructions from the Court and warnings that failure to file required documents would result in dismissal of his case. Having now considered the applicable legal authorities and all matters of record, the Court concludes that this case should be **dismissed** pursuant to Federal Rule of Civil Procedure 41(b). The Court further holds in the alternative that summary judgment should be **granted** for Defendant.

## I.     **<u>RULE 41(b)</u>**

Rule 41(b) of the Federal Rules of Civil Procedure allows for involuntary dismissal when a plaintiff fails to prosecute the case:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.[1]

A district court may dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order.[2] A dismissal without prejudice may operate as a dismissal with prejudice due to operation of the statute of limitations.[3] A Rule 41(b) dismissal with prejudice is appropriate only if (1) the failure to comply with the court order was the result of purposeful delay or contumacious conduct by the plaintiff and (2) the district court employed lesser sanctions before dismissing the action.[4]

Plaintiff has not responded to the Court's repeated instructions to file the documents necessary for adjudication of his case. Plaintiff filed his Complaint on

---

[1]   FED. R. CIV. P. 41(b).

[2]   *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988)).

[3]   *Long*, 77 F.3d at 880; *Frank v. Apfel*, 245 F.3d 791, 2000 WL 1910181, *1 (5th Cir. 2000). *See Woods v. Social Sec. Admin.*, 313 F. App'x 720 (5th Cir. 2009).

[4]   *Long*, 77 F.3d at 880.

January 22, 2010, and made service of process soon thereafter.[5] On April 6, 2010, the Court ordered Plaintiff to file a dispositive motion on or before May 10, 2010, and Defendant to file on or before June 10, 2010.[6] After neither party filed as ordered, the Court instructed the parties to file a status report on or before July 1, 2010, and a dispositive motion on or before August 6, 2010. The Court's Order stated, "The parties are advised that failure to comply with these deadlines may result in a ruling against them."[7]

Defendant then filed a status report[8] and a Motion for Summary Judgment[9] in compliance with the Court's order. However, Plaintiff did not file a dispositive motion, or any other document, with the Court. Thereafter, on September 24, 2010, the Court ordered Plaintiff to file a dispositive motion on or before October 22, 2010. The Court's Order stated in bold typeface: **"Plaintiff is advised that failure to file a motion by October 22, 2010, will result in dismissal of his case and make it impossible for him to receive review from this Court for the denial of his**

---

[5]   *See* Docs. # 1, 4-6.

[6]   *See* Doc. # 9.

[7]   *See* Doc. # 10.

[8]   *See* Doc. # 11.

[9]   *See* Doc. # 12.

**application for Social Security benefits."**[10] On the same day, the Court send a copy of the Order to Plaintiff by regular mail.

Plaintiff has failed to file his dispositive motion by the October 22, 2010, deadline, making it impossible for the Court to adjudicate his lawsuit.

This case has been delayed by Plaintiff's failure to comply with Court orders. The Fifth Circuit has held that "providing the plaintiff with second and third chances to comply with an order counts as a lesser sanction."[11]  In this case, the lesser sanctions have been ineffective. Dismissal under Rule 41(b) therefore is warranted.

## II.   SUMMARY JUDGMENT

In the alternative, and as an additional ground for dismissal, the Court considers Defendant's Motion for Summary Judgment [Doc. # 12] and its brief in support [Doc. # 13].

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the

---

[10]   *See* Doc. # 14.

[11]   *Woods*, 313 F. App'x 720 (citing *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir.1985); *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir.1991)).

party's case, and on which that party will bear the burden at trial.[12] Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[13] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[14]

Judicial review of the Commissioner's denial of disability benefits is limited to two inquiries: first, whether the final decision is supported by substantial evidence on the record as a whole, and second, whether the Commissioner applied the proper legal standards to evaluate the evidence.[15] "Substantial evidence" is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[16] It is more than

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

[13] FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[14] *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[15] *See Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

[16] *Audler*, 501 F.3d at 447 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

a mere scintilla and less than a preponderance.[17]  If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.[18]  Alternatively, a finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision.[19]  The court may not, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.[20]  In short, conflicts in the evidence are for the Commissioner, not the courts, to resolve.

Defendant's brief in support of summary judgment argues that substantial evidence supports the Administrative Law Judge's conclusions that (1) Hardy had the Residual Functional Capacity to perform light work, (2) Hardy's allegations were not fully credible, and (3) Hardy was able to perform other work and therefore was not disabled.  As noted above, Plaintiff has filed no summary judgment motion and no response to Defendant's motion.

Based on the Court's review of the record, Defendant's motion is meritorious and the Administrative Law Judge's decision is supported by substantial evidence.

---

[17]   *Id.*; *Perez*, 415 F.3d at 461; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[18]   *Id.* at 461 (citing *Richardson*, 402 U.S. at 390); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).

[19]   *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

[20]   *Audler*, 501 F.3d at 447; *Masterson*, 309 F.3d at 272.

Therefore, summary judgment is appropriate.

## III.  CONCLUSION

For all of the forgoing reasons, it is hereby

**ORDERED** that this case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).  It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 12] is **GRANTED**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **29th** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge